**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5344-18

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

FUQUAN STRIBLING,  a/k/a
FUQUAM SCRIBLING, FU
SCRIBLING, FUGUAN
STRIBLING, JOHN MURRAY,

      Defendant-Appellant.

_____

Argued January 11, 2021 – Decided February 16, 2021

Before Judges Sabatino, Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 09-11-0986.

Andrew R. Burroughs, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Andrew R. Burroughs, Designated Counsel, on the brief).

Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause

for respondent (Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney; Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This effort by defendant Fuquan Stribling to obtain post-conviction relief ("PCR") returns to this court after an evidentiary hearing conducted pursuant to our November 2018 unpublished opinion directing such a hearing. See State v. Stribling, No. A-3592-16 (App. Div. Nov. 1, 2018). Defendant maintains the two lawyers who represented him in the criminal case failed to provide him with the effective assistance of counsel because they allegedly had a conflict of interest.

For the reasons that follow, we affirm the trial court's continued denial of PCR to defendant, as he has not established deficient performance and actual prejudice, as required by Strickland v. Washington, 466 U.S. 668, 687-96 (1984).

We incorporate by reference the background detailed in our November 1, 2018 opinion and our previous April 2015 unpublished opinion affirming defendant's conviction on direct appeal, State v. Stribling, No. A-1147-12 (App. Div. Apr. 23, 2015). We briefly summarize that history as follows.

2

Tried by a jury in 2012, defendant was found guilty of multiple counts of aggravated assault upon police officers. The officers had stopped defendant for a motor vehicle violation on March 30, 2009, when they saw him parked in a back alley on an unpaved street. Defendant ran his car at several officers striking them and then rammed into a squad car. The police responded by shooting at defendant and his girlfriend, hitting him with seven or more bullets.

Defendant was taken to the hospital, where he was visited by attorney Maurice Snipes, who was acquainted with defendant's father. Snipes agreed to represent Stribling, although no written retainer agreement was ever produced in the trial court.

Snipes brought into the matter another lawyer, Vincent Scoca, an experienced criminal defense attorney who leased part of his law office building to Snipes. Eventually Snipes appeared as co-counsel with Scoca at Stribling's criminal trial. Scoca served as lead counsel in the criminal matter.

While an investigation into the incident proceeded, and before any charges were filed, Scoca and Snipes accompanied Stribling for an interview at the prosecutor's office. At that interview, Stribling described how he had been shot by the police.

A-5344-18

Meanwhile, as a criminal investigation proceeded, Snipes filed a Tort Claims Act notice on behalf of Stribling. That notice preserved Stribling's right to bring negligence claims against the police and other governmental parties for wrongful shooting.

Stribling was indicted by a Union County Grand Jury in November 2009. He was jointly represented by Scoca and Snipes from the pretrial phase through and including his criminal trial in March 2012.

In June 2011, Snipes filed a civil complaint on behalf of Stribling in the Law Division in Essex County against the public entities and various officials. The defendants in that civil action removed the case to federal court, where it was consolidated with a related lawsuit by Stribling's girlfriend for damages she sustained in the shooting incident.

The federal case did not progress beyond the preliminary stages into discovery. After Stribling was found guilty by the jury in the criminal case, his civil complaint was voluntarily dismissed.

Before the trial, the State extended a plea offer to Stribling, in which the State, in exchange for a guilty plea to certain charges, would consent to the dismissal of other charges and recommend a fourteen-year sentence with an eighty-five percent parole ineligibility period mandated by the No Early Release

4

Act, N.J.S.A. 2C:43-7.2.  The plea offer was memorialized in a pretrial memorandum signed by the prosecutor's office and also acknowledged by Stribling (who signed his initials on the document) and his counsel.[1]  Defendant turned down the offer, maintaining his innocence of any wrongdoing.

As we have noted, the criminal case went to trial and defendant was found guilty of several counts.  The court sentenced defendant to a twenty-year term with a NERA parole disqualifier, which was a longer sentence than the State had offered to recommend before trial.

After we affirmed Stribling's conviction on appeal, he filed the present PCR petition.  His petition theorized that Scoca and Snipes had a conflict of interest in their handling of his criminal case because they were allegedly hoping to recover a counsel fee in the civil litigation.  More specifically, Stribling contends the attorneys failed to give him objective and sufficient advice in the pretrial plea discussions.  He contends they could have and should have negotiated lower terms with the State, but were compromised because a guilty plea in the criminal matter would have undermined the chances of a civil

---

[1]  The pretrial memorandum was a critical exhibit at the PCR evidentiary hearing, and a copy of it has been supplied at our request on the present appeal.

recovery. Stribling further alleges the attorneys were deficient in allowing him to be interviewed by the prosecutor before charges were filed.

The trial court initially denied the PCR petition without an evidentiary hearing. In our 2018 opinion we remanded the matter for a hearing. The hearing was conducted in May 2019 before Judge Robert J. Mega, who also had presided over Stribling's criminal trial. Stribling, Scoca, and Snipes each testified.

Following the evidentiary hearing, Judge Mega issued an extensive written opinion on June 18, 2019, denying Stribling's PCR application. Among other things, Judge Mega specifically found that Stribling's testimony was not credible, whereas, by contrast, the testimony of his two former counsel was credible. The judge concluded that the attorneys did not have a conflict of interest, that they had capably and professionally advocated Stribling's interests in the criminal matter, and that Stribling was not prejudiced by any alleged deficient performance.

The present appeal ensued. In his brief, defendant raises the following points:

> POINT I
>
> AS MR. STRIBLING HAS ESTABLISHED THAT HIS ATTORNEYS HAD A CONFLICT OF INTEREST, THE PCR COURT ERRED WHEN IT

6

DENIED HIS PETITION FOR POST-CONVICTION
RELIEF.

POINT II

A REMAND IS REQUIRED TO CLARIFY
WHETHER DEFENDANT WAS FOUND GUILTY
ON COUNT ELEVEN.

Having fully considered these contentions in light of the record and the applicable law, we affirm the rejection of Stribling's PCR application. We do so substantially for the reasons set forth in Judge Mega's fourteen-page written opinion. We add the following commentary by way of amplification.

As an overarching principle, we must bear in mind the substantial deference we owe to the trial court's factual findings and witness credibility assessments from the evidentiary hearing. "In reviewing a PCR court's factual findings based on live testimony, an appellate court applies a deferential standard; it 'will uphold the PCR court's findings that are supported by sufficient credible evidence in the record.'" State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Nash, 212 N.J. 518, 540 (2013)). The PCR judge had the direct opportunity to gauge the honesty and probative force of the testimony of the three witnesses. That said, we recognize that questions of law call for our de novo review. Id. at 577.

A-5344-18

As we have already noted, the <u>Strickland</u> standard requires a criminal defendant alleging ineffective assistance of counsel to prove two elements: (1) deficient performance by his former attorneys; and (2) actual prejudice to his interests caused by such deficiency. In reviewing such claims, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Strickland</u>, 466 U.S. at 690; <u>see also</u> <u>Pierre</u>, 223 N.J. at 578-79. The PCR court concluded that defendant had not overcome this strong presumption, and its conclusion is adequately supported.

The heart of defendant's theory is that his two counsel had a conflict of interest, in violation of Rules of Professional Conduct 1.5 and 1.7 because they allegedly were materially limited by their own financial self-interests in not urging him to enter into a guilty plea. Without corroboration, defendant also claims the prosecutor would have been willing to negotiate down to a recommended sentence of at or around five years, and that, in retrospect, he would have assented to such plea terms had he been given better pretrial advice. He further claims his two attorneys were ineffective by allegedly not warning or explaining to him that he was facing an extended term sentence because of his

extensive prior criminal record. The PCR court found that none of these claims have merit, and that Stribling's account was unworthy of belief.

As both Scoca and Snipes testified, and the PCR judge found, they represented Stribling on a pro bono basis. Snipes credibly explained that he had visited Stribling, whose father Snipes was acquainted with, at the hospital after he had been wounded by police gunfire, and that he agreed to represent Stribling without charging him a fee. Scoca likewise testified that he agreed to represent Stribling in the criminal case on a pro bono basis, explaining to the court how he had frequently defended clients on a pro bono basis in numerous past matters. Although the amount of time both attorneys ultimately devoted to Stribling's representation was substantial, the PCR judge found credible their testimony that the matter had escalated in difficulty and intensity over time, and that they did not wish to withdraw from the case and abandon their commitment to him. The record further shows that the lawyers did not seek reimbursement for their out-of-pocket expenses from the Office of the Public Defender, and we make no assumption as to whether they would have been eligible for such payment.

Despite Stribling's assertion that the lawyers had given him a letter confirming their retention, he produced no such document at the hearing. The PCR judge found there was no such writing. The Rules of Professional Conduct

contain no provision requiring a lawyer representing a client on a pro bono basis to confirm that relationship in writing when the attorney acting as a pro bono counsel is not court-appointed or part of a qualifying program.  Cf., R. 1:13-2 (requiring persons seeking relief from payment of fees by reason of indigence to file a verified application for waiver and barring appointed counsel from accepting payment from such persons); R. 1:21-11 and -12 (setting standards for certain qualified pro bono representation programs and requiring certifications of hours for credit).  The trial court noted, and we agree, that it nonetheless would have been a better practice for these attorneys, in retrospect, to have documented their pro bono retention in writing.  Be that as it may, we accept the court's factual finding that the attorneys represented Stribling on a pro bono basis.

The trial court recognized that counsel conceivably would have been eligible to recover attorney's fees from the government, had Stribling prevailed in his civil rights action.  See 42 U.S.C. § 1988.  The civil complaint that Snipes filed[2] on behalf of Stribling included a demand for counsel fees.  The record also

---

[2]  In his testimony at the hearing, which Snipes provided by telephone from out of state with the consent of both parties, Snipes did not recall that he had filed a civil action in addition to a Tort Claims notice and that he had appeared in the civil case as counsel of record.  We do not believe that his lack of recollection

reflects that Snipes consulted with a certified civil trial attorney from another law firm to see if he would take over Stribling's civil case, but that lawyer ultimately declined to pursue the matter. As Snipes acknowledged, he possibly could have been entitled to a reasonable referral fee if the certified civil lawyer had obtained a recovery for Stribling, but that possibility is academic at best.

The trial court found there was no "concurrent conflict of interest"[3] between Stribling and his two lawyers, and we accept that finding. The lawyers devoted their services to Stribling without charge, and no contingent fee arrangement was proven.

There is no competent evidence that Scoca and Snipes were deficient in any manner in their handling of the criminal case. The jury found him not guilty on one of the charges at trial, and his limited arguments against the diligence of his trial counsel were similarly found to lack merit by the PCR judge. Although he has complained that it was imprudent for his attorneys to allow him to be

_____

about events that had occurred almost a decade earlier materially alters the trial court's analysis, or that it satisfies Stribling's burden to prove deficient performance and actual prejudice.

[3] As the trial court correctly noted, a contingent fee arrangement in a criminal case is prohibited under RPC 1.5(d)(2). A contingent fee is allowable in a civil matter and should be memorialized in writing, see RPC 1.5(b), but there is no requirement for a written retention agreement if the lawyer is serving on a pro bono basis when not assigned by the court.

A-5344-18

interviewed by the prosecutor's office when it was investigating his shooting by police, he has shown no actual prejudice resulting from that event. The fact that the State criminally charged defendant with assault and other offenses soon after his interview does not mean the prosecutor did not already have a sufficient basis for those charges based on evidence from other sources.

As Judge Mega found, there is no credible proof that either counsel was deficient in connection with the pretrial plea negotiations. Defendant's exposure to an extended prison term is spelled out in the plea form, and was discussed in the May 24, 2010 pretrial conference where defendant acknowledged the offer and that he understood its significance. There is no credible proof that the State would have been amenable to a plea agreement in the range of a much lower sentencing recommendation than the fourteen-year NERA proposal documented in the plea form.

Moreover, as Judge Mega noted, defendant steadfastly maintained his innocence when he rejected the State's offer. His lawyers cannot be faulted for not allowing him to perjure himself by admitting guilt to crimes he did not believe he committed. State v. Taccetta, 200 N.J. 183, 186 (2009).

In conclusion, the trial court's detailed findings from the evidentiary hearing confirm that defendant has not met his burden of proof for relief under the two-part Strickland test.

Finally, Stribling's contention with regard to his conviction on count eleven, which was raised for the first time in this appeal, is without merit. Supplemental documentation, including an audio recording of the proceedings, a corrected transcript and certification by State's counsel show that the foreperson correctly stated "guilty" in accordance with the verdict sheet entered. There is, therefore, no divergence between the transcript and the verdict sheet as argued by defendant.

All other points raised on appeal lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5344-18